UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>JURENTH JAIR MORENO (3),<br><br>                           Defendant. | Case No. 18cr4051-MMA-3<br><br>**ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**<br><br>[Doc. No. 138] |

On December 11, 2018, Defendant Jurenth Jair Moreno pleaded guilty to three counts in a multi-count Indictment charging him with conspiracy and alien smuggling, in violation of Title 8, United States Code, section 1324(a)(2)(B)(ii), and Title 18, section 371. *See* Doc. No. 94. On May 13, 2019, the Court entered a judgment committing Defendant to the custody of the Federal Bureau of Prisons for a total term of 22 months. *See* Doc. No. 130. Defendant is currently serving his custodial term at the Federal Correctional Institution ("FCI") in Mendota, California. *See* Federal Bureau of Prisons Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed 4/21/2020). According to the Bureau of Prisons, his current anticipated release date is November 30, 2020. *See id.*

Defendant, proceeding *pro se*, has filed an emergency motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, due to the ongoing coronavirus outbreak. *See* Doc. No. 138. For the reasons set forth below, the Court **DENIES** Defendant's motion.[1]

## DISCUSSION

Defendant moves for a reduction in his sentence due to the spread of the novel coronavirus, COVID-19, throughout the federal prison system. Defendant argues that the outbreak of the virus constitutes "extraordinary and compelling reasons" justifying a reduced sentence and corresponding release from custody. In support of his request, Defendant has submitted a lengthy form-like motion, which details the spread of the virus and the unique risks faced by incarcerated individuals, to which he appends an Inmate Request to Staff for release to home confinement, dated April 4, 2020, and a copy of a handwritten release plan. *See* Doc. No. 138 at 30-32;[2] Def. Mot., Ex. 1.

### 1. Relevant Law

Congress has authorized courts to reduce a sentence under the criteria found in Title 18, section 3582(c)(1)(A). A sentencing court may grant a request for a reduction in sentence where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ." 18 U.S.C. § 3582(c)(1)(A).

Pursuant to the statute's original terms, only the Director of the Bureau of Prisons was authorized to file a motion for reduction in sentence pursuant to section 3582(c)(1)(A). The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides that a court may modify a sentence

---

[1] The Court finds this matter suitable for determination without a response from the government.

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

upon a motion of the Director, "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [Director] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . .." 18 U.S.C. § 3582(c)(1)(A).

### 2. Analysis

As a threshold matter, the Court finds that Defendant has failed to exhaust his administrative remedies. Defendant submitted his request for early compassionate release to the staff at Taft Correctional Institute ("TCI") on April 4, 2020 and filed the instant motion on April 10, 2020. Defendant concedes that he has not fully exhausted his administrative remedies but cites the urgency of the situation, as well as an April 6, 2020 memorandum from the TCI grievance coordinator indicating that inmates would be required to resubmit their requests for release upon their transfer to other facilities.[3] Defendant urges the Court to accept the memorandum as a sufficient response to his request and find that he has exhausted his administrative remedies, or in the alternative, waive the exhaustion requirement.

It is not yet settled whether section 3582(c)(1)(A)'s exhaustion requirement is jurisdictional or merely a claims-processing rule. *See Henderson v. Shinseki*, 562 U.S. 428, 435 (2011) (stressing distinction between jurisdictional prescriptions and non-jurisdictional claim-processing rules, which "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times"). However, the distinction matters not to the disposition of this motion. If Defendant's failure to fully exhaust his administrative remedies strips the Court of jurisdiction, that clearly ends the matter. If the exhaustion requirement is not jurisdictional, it is a mandatory claims-processing rule "foreclosing judicial discretion" to

---

[3] As another district court in California recently noted, "TCI is closing forthwith, and [Defendant] is one of hundreds of inmates in that facility being transferred to other BOP facilities." *United States v. Reid*, No. 17-CR-00175-CRB-1, 2020 WL 1904598, at *1 (N.D. Cal. Apr. 18, 2020).

create an exception not otherwise found in the statutory text. *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). In either case, this Court currently lacks the authority or discretion to reduce Defendant's sentence pursuant to section 3582(c)(1)(A).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's emergency motion to reduce his sentence without prejudice to renewing his motion after fully exhausting his administrative remedies.

**IT IS SO ORDERED**.

DATE: April 21, 2020

HON. MICHAEL M. ANELLO
United States District Judge